865 F.2d 1269
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Lorenzo WEATHERLY, Plaintiff-Appellant,
v.
GENERAL MOTORS CORPORATION, GENERAL MOTORS BUS & TRUCK
GROUP, Earl Hines, John Edwards, Steve Bonner,
Defendants-Appellees.
 No. 87-1928.
 United States Court of Appeals, Sixth Circuit.
 Dec. 9, 1988.
 
 Before KEITH, KENNEDY and MILBURN, Circuit Judges.
 
 ORDER
 
 1
 This Michigan plaintiff appeals the district court's summary judgment dismissing his claim of employment discrimination based upon race filed under Title VII, 42 U.S.C. Sec. 2000(e). The appeal has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and briefs, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Lorenzo Weatherly, a black male, was hired as a boiler operator by defendant General Motors Corporation. Prior to the expiration of a ninety day probationary period, Weatherly was discharged from his employment for alleged inadequate performance. Weatherly alleged that his discharge was racially motivated because white employees received more intensive training to insure their competence to keep their jobs.
 
 
 3
 The district court determined that Weatherly failed to make a prima facie showing of discrimination; summary judgment was entered in favor of defendants. On appeal Weatherly argues that the district court applied the wrong legal standard.
 
 
 4
 Upon review, we conclude that summary judgment was proper. See Celotex Corp. v. Catrett, 477 U.S. 317 (1986); Shavrnoch v. Clark Oil & Refining Corp., 726 F.2d 291 (6th Cir.1984). Contrary to plaintiff's arguments, the district court did not err by failing to follow the specifications of proof enumerated in McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802 (1973). The facts of Title VII cases vary and the specification of proof required is not necessarily applicable in every respect to differing factual situations. 411 U.S. at 802 n. 13.
 
 
 5
 Additionally, the district court's finding that plaintiff failed to make a prima facie showing (much less a jury question) of discrimination is not clearly erroneous. See United States Postal Serv. Bd. of Governors v. Aikens, 460 U.S. 711 (1983). Summary judgment is proper where plaintiff fails to establish evidence sufficient to raise an inference of disparate treatment. Shah v. General Elec. Co., 816 F.2d 264, 271 (6th Cir.1987).
 
 
 6
 Accordingly, the district court's judgment is hereby affirmed. Rule 9(b)(5), Rules of the Sixth Circuit.